91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel Quirante PROSPERO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1995.*
Decided July 15, 1996.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and HAGEN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 1. Prospero's petition for review was timely. A petition for review must be filed "not later than 90 days after the date of the issuance of the final deportation order...." 8 U.S.C. § 1105a(a)(1). Prospero's deportation order was issued on November 22, 1993, making February 20, 1994, the filing deadline. Prospero filed his petition two days later, on February 22, 1994. Fed.R.App.P. 26(a), however, states that if the last day of a filing period is a Saturday, Sunday or legal holiday, the petitioner has until the next day to file his papers. Fed.R.App.P. 1 & 20 make Fed.R.App.P. 26(a) applicable to review of administrative agency orders. February 20, 1994, was a Sunday, and Monday, February 21, 1994, was President's Day, a legal holiday. Prospero filed his petition the following day. We therefore have jurisdiction to review this case.
 
 
 4
 2. Section 208(a) of the Immigration and Nationality Act gives the Attorney General discretionary authority to grant asylum to any alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). While Prospero may have a fear of persecution, it arises from a personal dispute and not a difference of political opinion. See Zayas-Marini v. INS, 785 F.2d 801, 805-06 (9th Cir.1986). He has also failed to show that he is a member of a cognizable social group that is being persecuted. See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1576-77 (9th Cir.1986). He does not allege persecution on the basis of race, religion or nationality.
 
 
 5
 3. Prospero also argues that the Board of Immigration Appeals applied an improper standard in evaluating his testimony and evidence, and that the immigration judge incorrectly found him not to be credible. The BIA, however, did not apply an overly stringent standard, but rather merely agreed with the IJ that Prospero's testimony and evidence did not prove what he claimed it did. The IJ did not find Prospero's testimony incredible.
 
 
 6
 The petition is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David W. Hagen, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3